# Dickson *v.* Parker.

Where A, who had an insufficient fence, took up the mule of B, which was doing damage in his field, and tied the mule in his stable, and the mule in a struggle to escape, was choked to death: *Held*, A was liable in an action of trespass, which is the proper remedy in such case.

Where cattle are found upon land doing an injury, the owner, under certain restrictions, is allowed to seize and distrain them, as a pledge for the payment of the damages; but this will not be permitted unless the owner of the cattle would be liable to an action.

Where some of the witnesses stated, that the property destroyed was worth five dollars, others one hundred dollars, and others, that it was worth nothing; and the verdict was for the defendant: *Held*, to the jury exclusively belongs the province of weighing the testimony and pronouncing the result, and although it appears that the preponderance of testimony was in favor of the plaintiff, yet the appellate court will not, for that reason alone, award a new trial.

ERROR to the circuit court of Leak county.

This was an action of trespass to recover the value of a mule alleged to have been killed by the defendant. The bill of exceptions, which was taken on the trial below, states that the mule had broken into the defendant's close, that he then seized and put it into his stable, and tied it with a halter; and that in its struggles to escape, it was choked, and died. It is stated that, whilst confined, it was well watered and fed. It also appeared that the defendant's fence was very indifferent.

The value of the mule was variously estimated by the witnesses. Some stated it was worth an hundred dollars; others, that it was worth five dollars; and others, that it was of no value. Upon these facts, the verdict was found for the defendant. The plaintiff moved the court for a new trial, which was refused. Exceptions were taken, and writ of error to this court.

Hays and Yerger, for the defendant in error.

1. There is no error in the record; because, at common law,

[Dickson *v.* Parker.]

every man has a right to distrain cattle doing damage on his land; 2 Black. Comm. 6 and 7; and if, in the exercise of this right, damage is done to the cattle, it is *damnum absque injuria.*

2. The defendant having a right to distrain the mule, if he did it so negligently that the mule received any damage in his struggles to escape, trespass on the case, and not trespass can be sustained; the injury being merely consequential from the negligence of the defendant. The proof in this case, therefore, did not sustain the declaration. Reynolds *v.* Clarke, Ld. Raym. 1399; 1 Wheaton's Selwyn, 332.

3. It is a well settled rule, that, if the verdict of the jury be correct, and the law is thereby in that case administered between the parties, a revising court, from any error in the charge of the court below, will not send the case back, where they are satisfied, the same result will be produced on a second trial. Graham on New Trials, 301, and authorities there referred to.

4. The court will not reverse, because the finding of the jury is against evidence, unless it be so manifestly wrong, that it exhibits gross ignorance or fraud in the jury; and they will not reverse for such finding when it does not appear from the bill of exceptions that all the evidence is set out. 2 Wendell, 352; 5 *Ibid.* 48; 4 Yerger, 323; 10 Yerger, 501.

Mr. Justice TROTTER delivered the opinion of the court.

The principal error assigned is, the decision of the judge overruling the motion for a new trial, on the evidence contained in the record. If the defendant's fence had been a lawful enclosure, according to the provisions of the act of 1822, which declares what shall be deemed such, there could be no difficulty in determining this question. The enclosure, however, was not a sufficient one under the law, and the defendant had no authority to take the means of redress into his own hands, for any injury he may have sustained in consequence of such insufficiency. And yet he seeks to justify the seizure and detention of the mule in this case, under the law which allows cattle doing damage on another's land to be distrained by the owner. This case presents none of the features of a regular distress. It is very true that where cattle are found upon land doing an injury,

[Dickson *v.* Parker.]

the owner, under certain restrictions, is allowed to seize and detain them as a pledge or security for the payment of the damages he has sustained. But this, as a means of redress, can never be allowed unless in cases where the owner of the cattle would be liable to an action. Could the plaintiff have maintained a suit on the facts disclosed by the record in the present case? He could not. How then can he justify himself under the law of distress? It has been insisted, however, that, be this as it may, the action should have been case and not trespass. This argument is rested upon the assumption that the taking of the mule in the first place was a lawful act. But if there was no right to distrain, then the seizure was illegal, and trespass is the proper remedy. Bac. Abr. tit. Trespass, B. If, however, it had been a case in which the right contended for did exist, yet if the defendant afterwards abused or killed the animal, he would become a trespasser *ab initio.* For it is a well settled rule, that whenever a person, who at first acted with propriety under an authority or license given him by law, afterwards abuses that authority, he becomes a trespasser *ab initio. Ibid.* tit. Trespass. And, therefore, says the same authority, if J. S., who has distrained a beast damage feasant, afterwards kill it, he is a trespasser. In this case, it is clearly shown that the mule got into the defendant's grounds in consequence of the insufficiency of his fence, and if it was destroyed by his act, he must submit to pay the owner its value. The 3d sect. of the act of 1822, provides, that if any person injured, for want of such sufficient fence as is required by a preceding section, shall hurt, wound, lame, kill or destroy, &c., by shooting, hunting with dogs or otherwise, any horses, mares, mules, &c., he shall pay and satisfy to the owner of the beast so hurt, &c., double damages. This statute is quite decisive of the question of the defendant's liability, and the jury should have found a verdict for the plaintiff, for the value of the mule, as ascertained by the testimony. What the value was, it was their peculiar prerogative to decide. Some of the witnesses have stated that it was worth five dollars; others, one hundred dollars, and others that it was worth nothing. To the jury exclusively, pertained the province to compare and weigh the testimony, and pronounce the result. They have

19*

[Dickson *v.* Parker.]

done so, and· we are not inclined to disturb their verdict.   The whole case was before them, with all the circumstances; and although it would appear from the bill of exceptions that the preponderance of the. proof was in favor of the plaintiff, yet we can not, for that reason alone, award a new trial.   It is not our business to weigh the testimony.   It is sufficient that we see, upon the record, proof which legally conduced to the verdict which was rendered.

Let the judgment of the court below be affirmed.